UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODRIGO CORONA, OMAR NERI, and FABIAN TENORIO, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br> -against-<br><br>RETRO PIZZA LLC, ALEXANDROS AVRAAMIDES, LEONIDAS AVRAAMIDES, and DAISY AVRAAMIDES,<br><br>      Defendants. | **COMPLAINT**<br><br><br>**FLSA COLLECTIVE ACTION**<br><br><br>JURY TRIAL DEMANDED |

Plaintiffs RODRIGO CORONA, OMAR NERI, and FABIAN TENORIO ("Plaintiffs"), by and

through their attorneys, on behalf of themselves and all others similarly situated, allege, upon

personal knowledge as to themselves, and upon information and belief as to all other matters, as

follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action, on behalf of themselves and others similarly situated, against

   RETRO PIZZA LLC, ALEXANDROS AVRAAMIDES, LEONIDAS AVRAAMIDES, and

   DAISY AVRAAMIDES ("Defendants"), to remedy violations of the Fair Labor Standards

   Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq.  Plaintiffs seek, for themselves and all

   others similarly situated, declaratory and injunctive relief, unpaid minimum wages, overtime

   wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate

legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.  Plaintiffs also bring this action, on behalf of themselves, to remedy violations of the New York Labor Law ("NYLL"), including NYLL §190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2. Plaintiffs seek declaratory and injunctive relief, unpaid minimum wages, unpaid overtime wages, unpaid spread of hours pay, statutory penalties, liquidated damages, statutory interest, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 191, 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.

6. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

7. Plaintiff RODRIGO CORONA ("Corona") is an individual who resides in New York State.

8. Defendants employed Plaintiff Corona to work in their restaurant.

9. Plaintiff OMAR NERI ("Neri") is an individual who resides in New York State.

2

10. Defendants employed Plaintiff Neri to work in their restaurant.

11. Plaintiff FABIAN TENORIO ("Tenorio") is an individual who resides in New York State.

12. Defendants employed Plaintiff Tenorio to work in their restaurant.

13. Defendant RETRO PIZZA LLC ("Retro Pizza") is a Domestic Business Corporation registered in the State of New York with an address for service of process at 41-02A Broadway, Astoria, NY, 11103.

14. Due to a fire several years ago, Retro Pizza now operates out of a store at 31-15 Ditmars Blvd, Astoria, NY 11105.

15. At all times relevant to this action, Defendant ALEXANDROS AVRAAMIDES ("Alexandros") was an owner, manager and operator of Retro Pizza.

16. As an owner, manager and/or supervisor of Retro Pizza, Defendant Alexandros had the power to hire, fire, and set the wages and hours of all the employees of Retro Pizza, including Plaintiffs and others similarly situated.

17. As an owner, manager and operator of Retro Pizza, Defendant Alexandros ran the day-to-day operation of Retro Pizza.

18. Defendant Alexandros also brought Retro Pizza employees' pay to Retro Pizza, on a weekly basis, for it to be distributed to Retro Pizza's employees.

19. At all times relevant to this action, Defendants LEONIDAS AVRAAMIDES ("Leonidas") and DAISY AVRAAMIDES ("Daisy") were also owners, managers, and operators of Retro Pizza.

20. As owners, managers and operators of Retro Pizza, Defendants Leonidas and Daisy helped run the day-to-day operation of Retro Pizza.

3

21. Defendants Leonidas and Daisy had and exercised the power to hire, fire, and set the wages and hours of all the employees of Retro Pizza, including Plaintiffs and others similarly situated.

22. Defendants Retro Pizza, Alexandros, Leonidas, and Daisy are hereinafter collectively referred to as "Defendants."

23. Defendants grossed more than $500,000.00 in each of the last three calendar years.

24. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

25. At all times relevant hereto, Defendants employed Plaintiffs, who were regularly employed by Defendants' enterprise and engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

26. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

## FACTUAL ALLEGATIONS

27. At all times relevant hereto, Defendants owned and operated an Italian restaurant named Retro Pizza in Astoria, New York.[1]

28. To work at Retro Pizza, Defendants employed Plaintiffs, and the other FLSA Collective Plaintiffs, as non-exempt food service employees.

---

[1] https://retropizzaditmars.com – accessed 6/28/2026

4

29. According to the hours of operation listed on Retro Pizza's website, Retro Pizza is open for business seven (7) days a week from 11:30 AM to 11:30 PM Sunday through Wednesday, 11:30 AM to 1:30 AM on Thursday, and 11:30 AM to 2:30 AM on Friday and Saturday nights.

30. Defendants employed Plaintiff Corona from in or around September 2023 until in or around April 2026.

31. Plaintiff Corona worked for Defendants as a food service employee.  He was assigned to prepare flour, cheese, and sauce for pizzas and salads, to clean, mop, and do dishes, and to make deliveries.

32. Plaintiff Corona initially worked six (6) days per week, for a total of seventy-two (72) hours per week.

33. Plaintiff Corona then worked five (5) days per week, for a total of sixty (60) hours per week.

34. For his last two weeks of employment, Plaintiff Corona worked four (4) days per week, for a total of forty-eight (48) hours per week.

35. Throughout his employment with Defendants, Plaintiff Corona regularly worked through his lunch/meal breaks and was unable to take uninterrupted meal breaks of at least thirty (30) minutes each shift.

36. Plaintiff Corona did not have any supervisory duties, nor did he have the power to hire or fire any other employees of Defendants.

37. Plaintiff Corona was closely supervised by Defendants and did not exercise discretion or independent judgment with respect to matters of significance.

38. Defendants initially paid Plaintiff Corona at the rate of $11.50 per hour, below the required NYLL minimum wage rate.

5

39. Defendants then paid Plaintiff Corona at the rate of $13.00 per hour, still below the required NYLL minimum wage rate.

40. Furthermore, Defendants never paid Plaintiff Corona any overtime wages – despite him regularly working overtime hours each and every week of his employment.

41. Defendants employed Plaintiff Neri from in or about January 2024 until in or about July 2025.

42. Plaintiff Neri worked for Defendants as a food service employee. He was assigned to make pizza and to help with customers.

43. Plaintiff Neri always worked six (6) days per week, twelve hours per day, for a total of seventy-two (72) hours per week.

44. Throughout his employment with Defendants, Plaintiff Neri regularly worked through his lunch/meal breaks and was unable to take uninterrupted meal breaks of at least thirty (30) minutes each shift.

45. Plaintiff Neri did not have any supervisory duties, nor did he have the power to hire or fire any other employees of Defendants.

46. Plaintiff Neri was closely supervised by Defendants and did not exercise discretion or independent judgment with respect to matters of significance.

47. Defendants paid Plaintiff Neri $18.00 per hour.

48. Defendants never paid Plaintiff Neri any overtime wages – despite him regularly working overtime hours every week of his employment.

49. Defendants employed Plaintiff Tenorio from in or around August 2023 until in or around April 2024.

6

50. Plaintiff Tenorio worked for Defendants as a food service employee. He was assigned to make pizza, cook, and otherwise help prepare.

51. Plaintiff Tenorio always worked six (6) days per week, twelve (12) to thirteen (13) hours per day, for a total of between seventy-two (72) and seventy-eight (78) hours per week.

52. Throughout his employment with Defendants, Plaintiff Tenorio regularly worked through his lunch/meal breaks and was unable to take uninterrupted meal breaks of at least thirty (30) minutes each shift.

53. Plaintiff Tenorio did not have any supervisory duties, nor did he have the power to hire or fire any other employees of Defendants.

54. Plaintiff Tenorio was closely supervised by Defendants and did not exercise discretion or independent judgment with respect to matters of significance.

55. Defendants paid Plaintiff Tenorio at the rate of $24.00 per hour.

56. Defendants never paid Plaintiff Tenorio any overtime wages – despite him regularly working overtime hours every week of his employment.

57. Upon information and belief, Defendants also failed to pay their other food service employees, namely the FLSA Collective Plaintiffs, overtime premiums for hours they worked in excess of forty (40) in a workweek.

58. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and the FLSA Collective Plaintiffs were not paid overtime premiums.

59. Defendants knew that the nonpayment of minimum wages and overtime premiums would economically injure Plaintiffs and the FLSA Collective Plaintiffs and that Defendants' pay practices violated the FLSA and the NYLL.

60. Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

61. Defendants failed to pay Plaintiffs spread of hours pay, as required by the NYLL.

62. Defendants failed to provide Plaintiffs with the notices required by NYLL §195(1).

63. Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs with statements with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

64. Defendants' record keeping and notice violations prevented Plaintiffs from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

65. Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

66. At all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

67. At all relevant times, Defendants failed to post and/or keep posted "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

68. At all relevant times, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and the FLSA Collective Plaintiffs were not paid all of their wages, including minimum wages and overtime premiums for all hours worked in excess of forty (40) hours in a week.

70. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

71. Plaintiffs bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt workers assigned to work in/at Retro Pizza, employed by Defendants on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case.  All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs."

72. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules of willfully failing and refusing to pay them overtime premiums of one-and-one-half (1-1/2) times their regular hourly rates of pay for work performed for Defendants in excess of forty (40) hours per workweek.  The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

73. Other non-exempt workers assigned to work in/at Retro Pizza should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide them notice of the action and allow them to opt in to such an action if they so choose.

74. The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law.  Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last addresses known to Defendants.

## FIRST CLAIM FOR RELIEF

**(Overtime – FLSA, Brought by Plaintiffs on Behalf of Themselves & the FLSA Collective)**

75. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

76. Defendants were required to properly pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages at the rate of one and one-half (1-1/2) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

77. Defendants violated the FLSA by developing a standard business practice of failing to pay overtime premiums to Plaintiffs and the FLSA Collective Plaintiffs and thereby violating the overtime requirements of the FLSA.

78. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and the FLSA Collective Plaintiffs overtime at not less than one and one-half (1-1/2) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

80. As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in amounts to be determined at trial and they are entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

81. Plaintiffs and the FLSA Collective Plaintiffs seek unpaid overtime premiums, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff Corona on Behalf of Himself)**

82. Plaintiff Corona realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

83. Plaintiff Corona was an "employee" within the meaning of NYLL § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

84. Defendants were employers within the meaning of NYLL § 650(6).

85. Defendants' restaurant offered food or beverage for human consumption on its premises, as set forth in N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1.

86. Defendants were employers within the meaning of NYLL § 650(6).

87. Defendants failed to pay Plaintiff Corona for all hours worked at the basic minimum hourly wage rate pursuant to NYLL § 652(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146.

88. As detailed above, Defendants actions were willful.

89. Due to Defendants' violations of the NYLL, Plaintiff Corona is entitled to recover from Defendants all unpaid wages due to him for hours worked at the basic minimum wage hourly, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

**(Failure to Pay Overtime – NYLL, Brought by Plaintiffs on Behalf of Themselves)**

90. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

91. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

92. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs at the required overtime rate of one and one-half (1-1/2) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

93. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to NYLL § 663.

## FOURTH CLAIM FOR RELIEF

**(Spread of Hours Pay – NYLL, Brought by Plaintiffs on Behalf of Themselves)**

94. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

95. Defendants failed to pay Plaintiffs an additional hour's pay at the basic minimum hourly wage rate for each such day that Plaintiffs worked and the spread of hours exceeded ten (10) hours in violation of NYLL § 190, *et seq.*, and 650, *et seq.*, and NYCRR. tit. 12, § 146-1.6.

96. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF

**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves)**

97. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98. Defendants have willfully failed to supply Plaintiffs with notice as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary languages, containing their rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

99. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

13

other; gross wages; hourly rate of pay and overtime rate of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

100.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants $250 for each workday that the § 195(3) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, and $100 dollars for each workday that the § 195(1) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs, pray for relief as follows:

(a)    Certification of this action as a collective action as it relates to the First Cause of Action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Designation of Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

(c)    An award of unpaid minimum wages and overtime compensation and spread of hours pay, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

14

(d)     Statutory damages under NYLL §§ 198(1-b) and (1-d), for violations of NYLL §§ 195(1) and (3);

(e)     Costs of action incurred herein, including expert fees;

(f)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and NYLL § 663;

(g)     Pre-judgment and post-judgment interest, as provided by law; and

(h)     Such other legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

DATED:      July 21, 2026               Respectfully submitted,


HARRISON, HARRISON & ASSOCIATES, LTD.

*David Harrison, Esq.*

David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiffs & FLSA Collective Members*

15

*Exhibit*

Soy una empleada actual o anterior de **RETRO PIZZA LLC** y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

| | | |
|---|---|---|
| Rodrigo Escalona | *Firmado por:* —3B2FD48B2A604C9... | 6/28/2026 |
| Nombre impreso del cliente | Firma de cliente | Fecha |

| | | |
|---|---|---|
| Omar Neri | *Firmado por:* —181A0962989E495... | 6/29/2026 |
| Nombre impreso del cliente | Firma de cliente | Fecha |

| | | |
|---|---|---|
| Fabian Ruiz Tenorio | *Firmado por:* —2307B2C40599407... | 6/28/2026 |
| Nombre impreso del cliente | Firma de cliente | Fecha |